

James R. Belcher
Wyoming Bar # 5-2556
Timothy L. Woznick
Wyoming Bar # 6-3949
Crowley Fleck PLLP
111 W. Second Street, Ste. 220
Casper, WY 82601
(307) 232-6911
*Attorneys for Wells Fargo Bank and*
*Wells Fargo Equipment Finance*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION and WELL FARGO EQUIPMENT FINANCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GUNWERKS, LLC, a Wyoming limited liability company, SM GROUP, LLC, a Wyoming limited liability company, and AARON S. DAVIDSON, an individual, <br><br> Defendants. | Civil Action No. 20-CV-85-KHR |

## COMPLAINT FOR JUDGMENT ON LOANS, REPLEVIN OF EQUIPMENT, AND APPOINTMENT OF RECEIVER

Plaintiffs WELLS FARGO BANK, NATIONAL ASSOCIATION and WELLS FARGO EQUIPMENT FINANCE, INC., through their counsel Crowley Fleck PLLP, for their Complaint

against Defendants GUNWERKS, LLC, SM GROUP, LLC and AARON S. DAVIDSON state and allege as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS

1. Wells Fargo Bank, National Association ("Wells Fargo") is a federally chartered national bank and is authorized to transact business in Wyoming. Wells Fargo's main office, as stated in its Articles of Association, is located in Sioux Falls, South Dakota.

2. Wells Fargo Equipment Finance, Inc. ("WFEF") is a Minnesota corporation and is authorized to transact business in Wyoming. WFEF's main office is located in Minneapolis, Minnesota.

3. Defendant Gunwerks, LLC ("Borrower"), is a Wyoming limited liability company, with its principal office located in Cody, Wyoming.

4. Defendant SM Group, LLC ("SM Group") is a Wyoming limited liability company, with its principal office located in Burlington, Wyoming.

5. Defendant Aaron S. Davidson ("Davidson") is an individual and is a resident of Wyoming.

### JURISDICTION AND VENUE

6. The sole member of the SM Group is Davidson.

7. The only members of the Borrower are SM Group, Michael Paul Davidson and several employees of the Borrower, all of whom, on information and belief, are residents of Wyoming.

2

8. Further, on information and belief, none of the members of Borrower are residents of either South Dakota or Minnesota.

9. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Wells Fargo and WFEF and each of the Defendants, and the amount in controversy, exclusive of interest and costs, exceeds Seventy-five Thousand Dollars ($75,000) for the reasons described in paragraphs 20, 26 and 31 of this Complaint.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because all of the Defendants reside in Wyoming and the property for which Wells Fargo and WFEF seek to obtain possession is located in Wyoming.

**FIRST CLAIM FOR RELIEF**
**(Money Judgment on Wells Fargo Loans to Borrower)**

11. Wells Fargo incorporates the allegations contained in paragraphs 1 through 10 of its Complaint.

12. Wells Fargo made a loan ("Operating Loan") to the Borrower as evidenced by a Revolving Line of Credit Business Lending Confirmation Letter dated October 3, 2018 in the original principal amount of $2,250,000.00, as modified by a First Amendment to Business Lending Confirmation Letter dated September 30, 2019 ("First Amendment"), that supplement or amend a February 18, 2013 Business Lending Disclosure ("Disclosure"), and October 3, 2018 Financial Reporting and Condition Agreement (collectively, the "Loan Agreement").. A true and correct copy of the Loan Agreement is attached hereto, marked **Exhibits A-1 through A-4.**

13. Pursuant to the Loan Agreement, the Borrower promised to pay the Operating Loan in full no later than December 1, 2019.

14. The Borrower has not paid the Operating Loan in full.

15. The Borrower is in default under the Loan Agreement for the following reasons:

   a. Borrower's failure to pay the balance due on the Operating Loan when it matured on December 1, 2019,

   b. Borrower's failure to timely provide a borrowing base certificate and supporting schedules, quarterly balance sheet and income statement, monthly operating statements, and weekly cash flow forecasts,

   c. Borrower's failure to achieve a minimum 1.25 to 1 Debt Coverage Ratio for the period ending December 31, 2019,

   d. SM Group's failure to provide a CPA reviewed financial statement, and

   e. Borrower's failure to timely give Wells Fargo notice of an action against the Borrower pending in San Diego, California relating to a patent in which Wells Fargo holds a security interest.

16. The outstanding balance of principal ($2,437,524.39) and interest ($56,317.87) on the Operating Loan totaled $2,493,842.26 as of May 18, 2020; and interest accrues on the Operating Loan at the default rate of interest specified in the Loan Agreement at the rate of $609.38 per day.

17. Wells Fargo made a loan ("Term Loan") to the Borrower as evidenced by a Business Lending Confirmation Letter dated July 7, 2017 (the "Term Loan Agreement") in the

original principal amount of $750,000.00. A true and correct copy of the Term Loan Agreement is attached hereto, marked **Exhibit B**.

18. The Term Loan Agreement includes by reference all provisions set forth in the Disclosure.

19. Pursuant to Section 1.3(d) of the Disclosure, the Borrower is in default on the Term Loan due to its default on the Operating Loan.

20. The outstanding balance of principal ($346,233.43) and interest ($125.51) on the Term Loan totaled $346,358.94 as of May 18, 2020; and interest has continued to accrue on the Term Loan at the interest rate presently in effect at the rate of $80.31per day.

21. The Borrower agreed in the Loan Agreement and Term Loan Agreement to pay all costs and expenses of Wells Fargo relating to collecting the Operating Loan and Term Loan and bringing this collection action, including reasonable attorney's fees.

## PRAYER FOR MONEY JUDGMENT ON FIRST CLAIM FOR RELIEF

Wells Fargo prays for a money judgment in its favor and against the Borrower on its First Claim for Relief as follows:

A. For judgment against Defendant Gunwerks, LLC for the unpaid balance of principal and interest on the Operating Loan and Term Loan as of May 18, 2020;

B. For accrued interest on the Operating Loan and Term Loan from May 18, 2020 until entry of judgment at the default interest rate set forth in the Loan Agreement and Term Loan Agreement, and for interest thereafter at the rate provided by law, until the judgment is paid in full;

C.      For Wells Fargo's attorneys' fees and costs incurred in attempting to collect the Operating Loan and Term Loan in seeking to collect the Operating Loan and Term Loan, including bringing this collection action and accruing after entry of judgment, and interest on said costs and attorneys' fees at the rate provided by law until paid; and

D.      For such other and further relief as may be appropriate under the circumstances.

## SECOND CLAIM FOR RELIEF
### (Money Judgment on Wells Fargo loan to SM Group)

22.      Wells Fargo incorporates the allegations contained in paragraphs 1 through 21 of its Complaint.

23.      Wells Fargo made a loan (the "SM Group Loan") to the SM Group as evidenced by a Business Lending Confirmation Letter dated July 7, 2017 in the original principal amount of $500,000.00, as modified by a Modification Agreement dated August 14, 2017 (collectively, (the "SM Group Loan Agreement"). A true and correct copy of the SM Group Loan Agreement is attached hereto, marked **Exhibit C**.

24.      The SM Group Loan Agreement includes by reference all provisions set forth in the Disclosure.

25.      Pursuant to Section 1.3(d) of the Disclosure, SM Group is in default on the SM Loan due to the default of the Borrower on the Operating Loan.

26.      The outstanding principal balance on the SM Loan was $5,605.77, and accrued interest totaled $26.02, for a total unpaid Term Loan balance of $5,631.79 as of May 18, 2020; and interest has continued to accrue on the SM Group Loan at the default

interest rate specified in the SM Group Loan Agreement at the rate of $1.28 per day.

27.  SM Group agreed in the Disclosure to pay all costs and expenses relating to Wells Fargo's actions to collect the SM Group Loan, and bringing this collection action, including reasonable attorney's fees.

**PRAYER FOR MONEY JUDGMENT ON SECOND CLAIM FOR RELIEF**

Wells Fargo prays for a money judgment in its favor and against SM Group on its Second Claim for Relief as follows:

A.  For judgment against Defendant SM Group, LLC for the unpaid balance of the SM Loan as of May 18, 2020;

B.  For accrued interest on the SM Group Loan from May 18, 2020 until entry of judgment at the default interest rate set forth in the Disclosure, and for interest thereafter at the rate provided by law, until the judgment is paid in full;

C.  For Wells Fargo's attorneys' fees and costs incurred in attempting to collect the SM Group Loan, including bringing this collection action and accruing after entry of judgment, and interest on said costs and attorneys' fees at the rate provided by law until paid; and

D.  For such other and further relief as may be appropriate under the circumstances.

## THIRD CLAIM FOR RELIEF
## (Money Judgment for WFEF on WFEF Loans to Borrower)

28.     WFEF incorporates the allegations contained in paragraphs 1 through 27 of its Complaint.

29.     WFEF made three loans (the "WFEF Loans") to the Borrower as evidenced by the following loan documents:

      a.     Combination Loan & Security Agreement dated June 27, 2016 ("WFEF Debt Instrument One"),

      b.     Combination Loan & Security Agreement dated March 5, 2018 ("WFEF Debt Instrument Two"), and

      c.     Promissory Note dated December 28, 2018 ("WFEF Debt Instrument Three").

(collectively, the "WFEF Debt Instruments", true and correct copies of which are attached as **Exhibits D, E and F** hereto).

30.     Pursuant to Section 5 of WFEF Debt Instruments One and Two, and subpart (d) of the "Event of Default" provision in WFEF Debt Instrument Three, the Borrower is in default on the WFEF Loans due to the default of the Borrower on the Operating Loan.

31.     The unpaid balance of the WFEF Loans totaled $592,016.86 as of May 18, 2020 as set forth below; and interest has continued to accrue on the WFEF Loans at the rate of interest set forth in the WFEF Debt Instruments:

      a.     $17,362.21 principal, plus $103.56 interest, for a total of $17,465.77 on the loan evidenced by WFEF Debt Instrument One;

  b. $178,072.49 principal, plus $757.74 interest, for a total of $178,830.23 on the loan evidenced by WFEF Debt Instrument Two; and

  c. $392,595.64 principal, plus $3,125.22 interest, for a total of $395,720.86 on the loan evidenced by WFEF Debt Instrument Three.

32. The Borrower agreed in the WFEF Debt Instruments to pay all costs and expenses of WFEF relating to collecting the WFEF Loans and bringing this collection action, including reasonable attorney's fees.

### PRAYER FOR MONEY JUDGMENT ON THIRD CLAIM FOR RELIEF

WFEF prays for a money judgment in its favor and against the Borrower on the Third Claim for Relief as follows:

 A. For judgment against Defendant Gunwerks, LLC for the unpaid balance of the WFEF Loans as of May 18, 2020;

 B. For accrued interest on the WFEF Loans from May 18, 2020 until entry of judgment at the interest rate set forth in the WFEF Debt Instruments, and for interest thereafter at the rate provided by law, until the judgment is paid in full;

 C. For WFEF's attorney's fees and costs incurred in attempting to collect the WFEF Loans, including bringing this collection action and accruing after entry of judgment, and interest on said costs and attorneys' fees at the rate provided by law until paid; and

 D. For such other and further relief as may be appropriate under the circumstances.

## FOURTH CLAIM FOR RELIEF
### (Money Judgment in favor of Wells Fargo against Borrower Loan Guarantors)

33.     Wells Fargo incorporates the allegations contained in paragraphs 1 through 32 of the Complaint.

34.     At the time Wells Fargo granted the Operating Loan to the Borrower in 2017, SM Group and Davidson guaranteed payment of the Operating Loan and all other loans the Borrower had obtained, or would obtain, from Wells Fargo or any affiliate of Wells Fargo, as evidenced by Commercial Guaranty agreements dated July 7, 2017, attached as **Exhibits G and H** hereto.

35.     At the time Wells Fargo agreed to extend the maturity date of, and to make additional funds available to the Borrower on, the Operating Loan in 2018, SM Group and Davidson each guaranteed payment of the Operating Loan and all other loans the Borrower had obtained, or would obtain, from Wells Fargo or any affiliate of Wells Fargo, as evidenced by Commercial Guaranty agreements dated October 3, 2018.  True and correct copies of the Commercial Guaranty agreements are attached as **Exhibits I and J** hereto.

36.     SM Group and Davidson are jointly and severally liable to Wells Fargo to pay the Operating Loan and Term Loan.

**PRAYER FOR MONEY JUDGMENT ON FOURTH CLAIM FOR RELIEF**

Wells Fargo prays for a money judgment in its favor and against SM Group and Davidson on its Fourth Claim for Relief as follows:

A.     For judgment against Defendant SM Group and Davidson, jointly and severally, for the unpaid balance of the Operating Loan and Term Loan as of May 18, 2020;

10

B.    For accrued interest on the Operating Loan and Term Loan from May 18, 2020 until entry of judgment at the default interest rate set forth in the Loan Agreement and Term Loan Agreement, and for interest thereafter at the rate provided by law, until the judgment is paid in full;

C.    For Wells Fargo's attorneys' fees and costs incurred in attempting to collect the Operating Loan and Term Loan, including bringing this collection action and accruing after entry of judgment, and interest on said costs and attorneys' fees at the rate provided by law until paid; and

D.    For such other and further relief as may be appropriate under the circumstances.

## FIFTH CLAIM FOR RELIEF
### (Money Judgment in favor of Wells Fargo against SM Group Loan Guarantors)

37.    Wells Fargo incorporates the allegations contained in paragraphs 1 through 36 of the Complaint.

38.    At the time Wells Fargo granted the SM Group Loan to SM Group in 2017, the Borrower and Davidson guaranteed payment of the SM Group Loan and all other loans SM Group had obtained, or would obtain, from Wells Fargo or any affiliate of Wells Fargo, as evidenced by Commercial Guaranty agreements dated July 7, 2017, attached as **Exhibits K and L** hereto.

39.    The Borrower and Davidson are jointly and severally liable to Wells Fargo to pay the SM Group Loan.

### PRAYER FOR MONEY JUDGMENT ON FIFTH CLAIM FOR RELIEF

Wells Fargo prays for a money judgment in its favor and against the Borrower and Davidson on its Fifth Claim for Relief as follows:

A.   For judgment against the Borrower and Davidson, jointly and severally, for the unpaid SM Group Loan balance as of May 18, 2020;

B.   For accrued interest on the SM Group Loan from May 18, 2020 until entry of judgment at the default interest rate set forth in the SM Group Loan Agreement, and for interest thereafter at the rate provided by law, until the judgment is paid in full;

C.   For Wells Fargo's attorneys' fees and costs incurred in attempting to collect the SM Group Loan, including bringing this collection action and accruing after entry of judgment, and interest on said costs and attorneys' fees at the rate provided by law until paid; and

D.   For such other and further relief as may be appropriate under the circumstances.

### SIXTH CLAIM FOR RELIEF
### (Money Judgment in favor of WFEF against WFEF Loan Guarantors)

40.   WFEF incorporates the allegations contained in paragraphs 1 through 39 of the Complaint.

41.   At the time Wells Fargo made loans to the Borrower, pursuant to the Commercial Guaranty agreements attached as **Exhibits G, H, I, J and L** hereto, SM Group and Davidson guaranteed payment of the WFEF Loans as loans the Borrower had obtained from WFEF as an affiliate of Wells Fargo. In addition, they guaranteed payment of the WFEF Loans pursuant to the Commercial Guaranty agreements attached as **Exhibit M and N** hereto.

42. SM Group and Davidson are jointly and severally liable to WFEF to pay the WFEF Loans.

**PRAYER FOR MONEY JUDGMENT ON SIXTH CLAIM FOR RELIEF**

WFEF prays for a money judgment in its favor and against SM Group and Davidson on its Sixth Claim for Relief as follows:

A. For judgment against SM Group and Davidson, jointly and severally, for the unpaid balance of the WFEF Loans as of May 18, 2020;

B. For accrued interest on the WFEF Loans from May 18, 2020 until entry of judgment at the interest rate set forth in the WFEF Debt Instruments;

C. For Wells Fargo's attorneys' fees and costs incurred in attempting to collect the WFEF Loans, including bringing this collection action and accruing after entry of judgment, and interest on said costs and attorneys' fees at the rate provided by law until paid; and

D. For such other and further relief as may be appropriate under the circumstances.

## SEVENTH CLAIM FOR RELIEF
### (Replevin of Tangible Personal Property Securing Wells Fargo and WFEF Loans)

43. Wells Fargo and WFEF incorporate the allegations contained in paragraphs 1 through 42 of the Complaint.

44. As security for the Operating Loan, Term Loan and WFEF Loans, the Borrower granted Wells Fargo and WFEF a security interest in, among other property, all of the Borrower's equipment. *See* Disclosure, **Exhibit A-3**, Section 2; Loan Agreement and Term Loan Agreement **Exhibits A and B** ("Collateral" provision); WFEF Debt Instruments One and

Two, Section 3 and Schedules A thereto **Exhibits D and E**; and Security Agreements dated July 20, 2018 from the Borrower and SM Group to WFEF attached as **Exhibit O** hereto.

45. Pursuant to **Exhibit O**, SM Group granted a security interest in a 2017 Dodge Ram 3500 Truck to secure payment of all WFEF Loans to the Borrower.

46. Due to default under the Loan Agreement, Term Loan Agreement and WFEF Debt Instruments, Wells Fargo and WFEF are entitled to take possession of and sell the property in which the Borrower and SM Group, respectively, have granted Wells Fargo and WFEF a security interest.

## PRAYER FOR REPLEVIN ORDER ON
## SEVENTH CLAIM FOR RELIEF

Wells Fargo and WFEF pray for entry of a replevin order against the Borrower and SM Group as follows:

A. The Court grant Wells Fargo and WFEF possession of the tangible equipment in which the Borrower and SM Group have granted Wells Fargo and WFEF a security interest as security for their respective debts and authorize Wells Fargo and WFEF to exercise their remedies under contract and statute, including those remedies available under the Wyoming Uniform Commercial Code.

B. The Court order the Borrower and SM Group to account for and disclose the current location of all of the equipment in which Wells Fargo and WFEF hold a security interest;

C. For such other and further relief as the Court deems just and equitable.

## EIGHTH CLAIM FOR RELIEF
(Appointment of Receiver for all property
in which Wells Fargo holds a security interest)

47. Wells Fargo incorporate the allegations contained in paragraphs 1 through 46 of the Complaint.

48. As security for the Operating Loan and Term Loan, the Borrower granted Wells Fargo a security interest in all inventory, accounts, equipment and intangible property (such as intellectual property), among other property. *See* Disclosure, Section 2; Loan Agreement and Term Loan Agreement ("Collateral" provision).

49. After the Operating Loan became in default, Wells Fargo asked the Borrower to provide a listing of accounts owing to the Borrower, accompanied by invoices of the Borrower to account obligors, and providing the name and address of each account obligor. The Borrower refused.

50. In addition, Wells Fargo discovered that the Borrower had transferred funds from its account at Wells Fargo to another bank despite the Borrower's agreement to maintain its deposits with Wells Fargo. Wells Fargo believes such funds constituted proceeds from liquidation of Wells Fargo's collateral. Wells Fargo brought this to the Borrower's attention and asked the Borrower to transfer the funds back to the Borrower's account at Wells Fargo. The Borrower refused.

51. Pursuant to Wyo. Stat. § 1-33-101(a), a court is empowered to appoint a receiver in the following actions:

(ii) By a creditor to subject any property or fund to his claim;

15

(viii) In all other cases where receivers have been appointed by courts of equity.

52. The Borrower has taken control of Wells Fargo's collateral, refuses to disclose the names and addresses of account obligors for accounts that constitute collateral for Wells Fargo and has removed and refused to remit proceeds of Wells Fargo's collateral to prevent such collateral from being applied to the Borrower's loans.

53. The Borrower agreed in the Loan Agreement and Term Loan Agreement that Wells Fargo was entitled to appointment of a receiver when the Borrower's loan(s) became in default.

54. Good cause exists to appoint a receiver to take control of Wells Fargo's collateral and the proceeds from disposition of its collateral.

**PRAYER FOR ORDER APPOINTING RECEIVER ON EIGHTH CLAIM FOR RELIEF**

Wells Fargo prays for entry of an order appointing a receiver as follows:

A. For the appointment of a receiver to collect accounts owing by obligors of the Borrower, to take possession of all inventory and equipment of the Borrower to the extent the Court has not granted Wells Fargo possession of such equipment, and to take control of intangible personal property and proceeds from disposition of the other collateral;

B. The receiver shall have all powers as provided by Wyo. Stat. § 1-33-104 to take all actions required with the respect to the property in which Wells Fargo has a security interest, including proceeds from liquidation of such property;

C. For such and further relief as may be appropriate under the circumstances.

Dated this 19th day of May, 2020

_____
James R. Belcher
Wyoming Bar # 5-2556
Timothy L. Woznick
Wyoming Bar # 6-3949
Crowley Fleck PLLP
111 W. Second Street, Ste. 220
Casper, WY 82601
(307) 232-6911
*Attorneys for Wells Fargo Bank and
Wells Fargo Equipment Finance*

17